

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

*Superseded By*
*Art 29-d. V.C.S.*

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
State of Texas
Austin, Texas

Dear Sir:

Opinion No. 6499
Re: Under the given facts,
which Federal Census will
govern in determining the
salary of the County Attor-
ney of Jefferson County?

We have received your recent request for an opinion
from which we quote as follows:

"Article 3899, R. C. S., provides that the
preceding Federal census shall govern as to
population in all cases under the provisions
of this chapter, being Chapter 1, Title 61,
'Fees of Office' of the Revised Civil Stat-
utes.

"Last year the Bureau at Washington took
census in certain counties in this State.
For example, a Federal census taken last
year of Jefferson County raised its popula-
tion from the 1940 census of 145,329 to
191,947.

"This department will thank you to advise
which census will govern in determining the
salary of the County Attorney of Jefferson
County."

We are also in receipt of the photostatic copy of the
certificate from the Director of the Census as to the popula-
tion of Jefferson County as of June 15, 1943.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

Article 3899, Vernon's Annotated Civil Statutes provides:

"The preceding Federal census shall govern
as to population in all cases under any provision of this chapter."

The term "preceding Federal census" is defined in
Article 23, V. A. C. S. Said article in part provides:

"The following meaning shall be given to each
of the following words, unless a different meaning
is apparent from the context:

". . . .

". . . .

8. "'Preceding Federal census'" shall be construed to mean the United States census of date
preceding the action in question and each such
subsequent census as it occurs." (underscoring
ours)

Although the precise question submitted by you with
reference to the construction of the language "preceding
Federal census", has not been passed upon by the courts of
this State, we are unable to find any indication in any of
our statutes employing said language, or in the construction
of such statutes by the courts of this State, that said term
is restricted to and must be applied only to a decennial
Federal census.

The construction placed upon the term "preceding
Federal census" by courts of other States, in connection with
statutes similar to ours, is persuasive in determining its
meaning in connection with our statutes. In the case of Bishop
v. Tulsa, 209 Pac. 228, the Oklahoma Criminal Court of Appeals
(1922) held that the clause "as determined by the last preceding census" was prospective as well as retrospective in its
operation. Similar constructions of the term "preceding
Federal census" are found in Bonnett v. State ex rel. Newer,

Hon. Geo. H. Sheppard,    page 3

150 Pac. 196, and In Re Cleveland's Claim, 180 Pac. 852.

In the case of In Re Cleveland's Claim, supra, the Supreme Court of Oklahoma had before it the matter of construing the term "preceding Federal census", as used in certain statutes fixing the salaries of county officials on the basis of population of the county according to the "preceding Federal census". The facts in that case were that on the 15th day of October, 1918, the Department of Commerce, through the Bureau of Census at Washington, released for immediate use the census of Okmulgee County. This census was duly certified to by the director of the Census Department as the census taken as of August 15, 1918. The controversy arose over the question of whether the salary of county officials should be based upon the decennial census of 1910 or upon the last Federal census (1918) as certified to by the director of the Census Bureau of the United States Government. The Court held that the Federal census taken August 15, 1918, superseded the Federal census of 1910 in regard to fixing the salaries of the Okmulgee county officials and that the salaries should be based upon the Federal census of 1918, or until the Federal census of 1920.

In discussing the foregoing matter, the court used the following pertinent language:

"The words 'federal census' are generally accepted to mean a census taken by and under the direction and supervision of the Census Department of the United States Government. This may be a census taken of each state and territory, or it may be a federal census taken of a certain state, or it may include a federal census of any subdivision or portion of any states; so long as it is taken by and under the direction of and supervision of the Census Department of the United States, and approved and certified to by them as the census of that state or subdivision, the same becomes the federal census."

In view of the foregoing, it is the opinion of this department that a census taken by and under the direction and supervision of the Census Department of the United States and approved and certified to by the Director of the Census as to the population of Jefferson County, as of June 15, 1943, would become the "preceding Federal census" mentioned in Arts. 23

and 3889, V. A. C. S. Therefore, such "preceding Federal census" would be the basis for determining the compensation of the public officials of Jefferson County. It will be noted that the foregoing statutes do not employ the term "decennial census" or "last preceding decennial census." The foregoing statutes merely employ the term "last preceding Federal census." We do not know of any statute or constitutional provision using the term "decennial census" other than Sec. 26 of Art. III of the State Constitution. This provision of the Constitution has no application to the question under consideration. Had the Legislature intended "last preceding decennial census" in the foregoing statutes, it could have easily done so. The fact that the Legislature did not use the term "last preceding decennial census" is an indication that it did not intend "last preceding decennial census."

As above stated, it is our opinion that the census as of June 15, 1943, is the "preceding Federal census" which would be the basis for determining the compensation of the public officials of Jefferson County. In connection with the foregoing statements, we direct your attention to the fact that we have been unable to find any statute providing compensation in any amount whatsoever for county attorneys in counties having a population of 190,000 inhabitants according to the last preceding Federal census.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _____

J. A. Ellis
Assistant

By _____

Ardell Williams
Assistant

APPROVED _____ 1945

JAE:LJ
AW:LJ



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN